UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJIBULLAH QASEMI, A-249-373-097, | No. 1:26-cv-3503 DAD AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MOISES BECERRA, et al., | |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No.1, and a motion for a temporary restraining order requesting immediate release, ECF No. 13.

I.      Factual Background

Petitioner is a native and citizen of Afghanistan who entered the United States on December 18, 2023. ECF No. at 1 at 2, 7; ECF No. 9-1 at 1. He was then issued a Notice to Appear with a court date of August 30, 2029, and paroled into the United States under 8 U.S.C. § 1182(d)(5). ECF No. 1 at 2, 7; ECF No. 9-1 at 1. On March 31, 2026, petitioner was taken into custody by Immigration and Customs Enforcement (ICE) during a routine check-in. ECF No. 1 at 2, 8; ECF No. 9-2 at 2. He was not provided any notice identifying the factual basis for the revocation of his parole. ECF No. 1 at 2, 8. The I-213 form submitted by respondents indicates that petitioner was taken into custody when immigration officers were conducting their routine duties in the non-detained lobby and a check revealed that petitioner "had not been granted any

1

lawful status to be in the U.S." ECF No. 9-2 at 2. Petitioner has no known criminal history (id. at 3; ECF No. 1 at 9) and has complied with all conditions of his parole, including periodic check-ins with ICE (ECF No. 1 at 2).

II.    Procedural History

On May 7, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the DHS. ECF No. 1. The petition asserts that the termination of petitioner's parole without following the regulatory requirements violated due process, the Accardi[1] Doctrine, and the Administrative Procedures Act. Id. at 22-23. Respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Rocha Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases previously decided by this court." ECF No. 6. Respondents filed a response stating that "[t]his case is not substantively distinguishable from the Court's prior cases." ECF No. 9 at 1. Respondents nonetheless argued that petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), he has been provided all the due process to which he is entitled, and the statute is constitutional as applied.[2] Id. at 2-3.

On May 29, 2026, petitioner filed a motion for a temporary restraining order requesting immediate release. ECF No. 13.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano

---

[1]  Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954)

[2]  In arguing that the statute is constitutional as applied, respondents imply that petitioner violated the conditions of his parole. ECF No. 9 at 3 (stating petitioner "had an encounter with law enforcement" and his release was terminated "because of that law enforcement encounter" and arguing no constitutional right to release beyond what is provided in statute "particularly if that release was conditional and petitioner violated those conditions"). However, respondents provide no evidence that petitioner violated the conditions of his parole and this unsupported suggestion is both inappropriate and insufficient to establish any parole violation by petitioner.

v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Rocha Chavarria, 2025 WL 3533606, or any other cases previously decided by this court.  Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Rocha Chavarria and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process.  Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

Additionally, in light of the recommendation that the petition be granted and petitioner be immediately released, the undersigned will recommend that the motion for a temporary restraining order be denied as moot.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondents shall IMMEDIATELY RELEASE petitioner Najibullah Qasemi, A-249-373-097, with the same conditions he was subject to immediately prior to his detention on March 31, 2026.  At the time of release, respondents must return all of petitioner's documents and possessions.

    b.  Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner

3

unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

    d.  The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2.  Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his March 31, 2026 detention.

3.  Petitioner's motion for a temporary restraining order (ECF No. 13) be DENIED as moot.

4.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2026

_allison Claire_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE